# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| TRACI LYNN GUTHRIE, | |
| Movant, | No. C21-3013-LTS |
| | (Crim. No. CR19-3019-LTS) |
| vs. | |
| | **MEMORANDUM** |
| UNITED STATES OF AMERICA, | **OPINION AND ORDER** |
| Respondent. | |

## I.    INTRODUCTION

This matter is before me on Traci Lynn Guthrie's motion (Doc. 1) to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. Guthrie alleges she is entitled to relief based on four claims of ineffective assistance of counsel. On initial review, I found that the first two claims should proceed. Doc. 4 at 5. Pursuant to my order, Guthrie's prior counsel filed an affidavit (Doc. 5) in response to Guthrie's ineffective assistance of counsel claims. The Government has filed a response (Doc. 6) and Guthrie did not file a reply.[1] I find that an evidentiary hearing is required as to one claim.

## II.    BACKGROUND

On April 24, 2019, Guthrie was indicted counts of conspiracy to distribute a controlled substance, possession of a controlled substance with intent to distribute,

---

[1] Guthrie's reply was due December 7, 2022. *See* Doc. 10. On December 6, 2022, through counsel, Guthrie filed a motion (Doc. 11) for leave to file a motion and brief under seal. That motion was granted the same day. *See* Doc. 12. However, Guthrie never followed up by actually filing a motion or reply brief. The deadline for the reply thus expired almost three months ago.

distributing a controlled substance and possessing a firearm in furtherance of a drug trafficking crime. Crim. Doc. 1. She pleaded guilty pursuant to a plea agreement on November 26, 2019, to three counts of a superseding indictment: (1) the lesser included offense of conspiracy to distribute 50 grams or more of a methamphetamine mixture in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846; (2) possession with intent to distribute methamphetamine mixture in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Crim. Doc. 71. Her plea agreement included an appeal waiver, whereby Guthrie retained the right to appeal or contest the sentence only under limited circumstances.

On May 7, 2020, I sentenced Guthrie to 120 months' imprisonment and four years of supervised release. Crim. Doc. 96. She did not appeal. On April 20, 2021, Guthrie mailed her § 2255 motion to the Clerk of Court.

## III.    LEGAL STANDARD

A prisoner in custody under sentence of a federal court may move the sentencing court to vacate, set aside or correct a sentence. *See* 28 U.S.C. § 2255(a). To obtain relief, a federal prisoner must establish:

> [T]hat the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or [that the judgment or sentence] is otherwise subject to collateral attack.

*Id.*; *see also* Rule 1 of the Rules Governing § 2255 Proceedings (specifying scope of § 2255). If any of the four grounds are established, the court is required to "vacate and set the judgment aside and [to] discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

2

When enacting § 2255, Congress "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (citation omitted). Section 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *Id.* (citation omitted). Rather:

> Relief under [§ 2255] is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.

*United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted); *see also Sun Bear*, 644 F.3d at 704 ("[T]he permissible scope of a § 2255 collateral attack . . . is severely limited[.]"). A collateral challenge under § 2255 is not interchangeable or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165 (1982) ("[W]e have long and consistently affirmed that a collateral challenge may not do service for an appeal."). Consequently, "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id.* (citation omitted).

"Evidentiary hearings on [§ 2255] motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition *if a factual dispute exists*." *Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013) (emphasis added). "The district court is not permitted to make a credibility determination on the affidavits alone." *Id.* at 1206; *see also United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014) ("[The] district court abused its discretion when it credited the attorney's affidavit over the petitioners without first holding an evidentiary hearing."). However, no hearing is required "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *See New v. United States*, 652 F.3d 949, 954 (8th Cir. 2011) (citation omitted).

To establish a claim for ineffective assistance of counsel, a movant must prove that his attorney's representation "was 'deficient' and that the 'deficient performance prejudiced the defense.'" *Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir.

3

2014) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Deficient" performance is performance that falls "below an objective standard of reasonableness," *Lafler v. Cooper*, 566 U.S. 158, 163 (2012) (citation omitted), that is conduct that fails to conform to the degree of skill, care and diligence of a reasonably competent attorney. *Strickland*, 466 U.S. at 687. Matters of trial strategy are generally entrusted to the professional discretion of counsel and they are "virtually unchallengeable" in § 2255 proceedings. *Loefer v. United States*, 604 F.3d 1028, 1030 (8th Cir. 2010). Counsel is not constitutionally ineffective because of the failure to raise a "relatively sophisticated" and "counter-intuitive argument." *Donnell v. United States*, 765 F.3d 817, 821 (8th Cir. 2014). However, "[s]trategy resulting from lack of diligence in preparation and investigation is not protected by the presumption in favor of counsel." *Holder v. United States*, 721 F.3d 979, 994 (8th Cir. 2013) (citation omitted).

To establish "prejudice," a movant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lafler*, 566 U.S. at 163 (citation omitted). "Reasonable probability" means "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. That requires a "substantial," not just "conceivable," likelihood of a different result. *Harrington v. Richter*, 562 U.S. 86, 112 (2011). Ultimately, a showing of "prejudice" requires counsel's errors to be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 104 (citation omitted).

Since a movant must show both deficient performance and prejudicial effect, a court reviewing ineffective assistance claims need only address one prong if either fails. *See Williams v. United States*, 452 F.3d 1009, 1014 (8th Cir. 2006). Additionally, each individual claim of ineffective assistance "must rise or fall on its own merits," meaning that courts should not take into account the "cumulative effect of trial counsel's errors in determining *Strickland* prejudice." *Middleton v. Roper*, 455 F.3d 838, 851 (8th Cir.

2006); *United States v. Brown*, 528 F.3d 1030, 1034 (8th Cir. 2008) ("[W]e have repeatedly rejected the cumulative error theory of post-conviction relief.").

## IV. DISCUSSION

Guthrie's two remaining claims of ineffective assistance of counsel claims are (1) her attorney failed to file a notice of appeal despite her request to do so (Claim 1) and (2) her attorney failed to communicate with her (Claim 2). I will address each argument in turn.

### A. Claim 1 – Failure to File Notice of Appeal

Guthrie asserts that her counsel failed to file a notice of appeal after sentencing when one was requested. Doc. 1 at 4. The Government responds that Guthrie does not identify the grounds on which she wanted her counsel to appeal and that, based on counsel's affidavit, she never requested counsel to file an appeal. Doc. 6 at 7. If she had, counsel states he would have filed a motion to withdraw and an *Anders* brief because it was his professional opinion that no valid appeal issues existed. *Id.* The Government adds that Guthrie waived her right to appeal her conviction and sentence via an appeal waiver in her plea agreement. *Id.* (citing Crim. Doc. 73). The Government argues that based on the factors identified by the Eighth Circuit, the appeal waiver in Guthrie's plea agreement is enforceable.

> The failure to file a requested appeal constitutes ineffective assistance of counsel:
>
> An attorney's failure to file a notice of appeal upon the client's request constitutes ineffective assistance of counsel, and no specific showing of prejudice is required. *Watson v. United States*, 493 F.3d 960, 963–64 (8th Cir. 2007) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). Even if the client waived his right to appeal as part of a plea agreement, prejudice is presumed if the client asked his attorney to file a notice of appeal and the attorney did not do so. *Id.* at 964.

5

*Sellner*, 773 F.3d at 930. In *Sellner*, the court found that a movant's written statement in support of her § 2255 motion that she had asked her attorney to appeal was not contradictory and contained similar specificity to her trial counsel's affidavit denying that any such request was made. Because "the district court is not permitted to make a credibility determination on the affidavits alone," the court held that an evidentiary hearing was required. *Id.* at 929–30.

This case is like *Sellner* in that Guthrie's statement indicates that she asked for an appeal and counsel's affidavit indicates that Guthrie did not ask for an appeal. A credibility determination on those statements alone would be improper. *Id.* The appeal waiver in the plea agreement is not dispositive, as the Supreme Court held in *Garza v. Idaho*, 139 S. Ct. 738, 749 (2019), that if an attorney performs deficiently in failing to file a notice of appeal despite the defendant's express instructions, prejudice is presumed regardless of whether the defendant has signed an appeal waiver. Guthrie is entitled to an evidentiary hearing to determine whether her trial counsel failed to appeal despite a manifest instruction to do so. *See Witthar v. United States*, 793 F.3d 920 (8th Cir. 2015). Ruling will be reserved on this ground for relief.

### B.    *Claim 2 – Lack of Communication*

Guthrie asserts that her attorney:

> Only visited me in county jail one time never returned phone calls or answer [sic] phone calls when I was in county jail. Never available for consultation never replied to text messages I sent from county jail. Never responded to multiple letters sent. Never responded to multiple request[s] by my family members on my behalf.

Doc. 1 at 5. Counsel states that Guthrie moved to have him discharged based on lack of communication and her motion was denied by the court. Doc. 5. He notes he filed the motion for variance that Guthrie requested and she received the statutory mandatory minimum sentence. *Id.* He believes there was adequate communication. *Id.*

6

The Government argues Guthrie has failed to explain how different or better communication would have changed the outcome of her case. It contends she has not shown that trial counsel's conduct fell outside the range of reasonable professional assistance, nor prejudice. I agree. While counsel may not have communicated with Guthrie as often as she would have liked, she has not connected counsel's lack of communication to any specific action she believes was necessary to her case. She does not allege, for instance, that based on counsel's lack of communication, she did not understand her plea agreement or that he failed to advise her on any specific matter. She alleges only that he did not respond to her unspecified communications.

These allegations, without more, do not amount to deficient performance. Guthrie has also failed to allege any prejudice as a result of any deficient communication. She offers no explanation as to how the outcome of her case would have been different had counsel responded to her communications or those of her family members. Because she cannot demonstrate deficient performance nor prejudice, this claim of ineffective assistance of counsel fails.

## V. *CONCLUSION*

For the reasons discussed herein:

1.      Guthrie's motion (Doc. 1) under 28 U.S.C. § 2255 is **denied** as to Claim 2 (ineffective assistance of counsel based on lack of communication).

2.      I hereby **reserve ruling** on Claim 1 (ineffective assistance of counsel based on the failure to file a notice of appeal), as I find that an evidentiary hearing is necessary as to that claim. As such, an evidentiary hearing, limited to Claim 1, will be scheduled by a separate order.

**IT IS SO ORDERED.**

**DATED** this 6th day of March, 2023.

_____
Leonard T. Strand, Chief Judge

Case 3:21-cv-03013-LTS-KEM   Document 14   Filed 03/06/23   Page 8 of 8